Lespinasse v. Holder

BIA
Straus, IJ
A079 474 502

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of February, two thousand eleven.

PRESENT:

BARRINGTON D. PARKER,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

———————————————————————————————————

REYNALD TOUTOU LESPINASSE,
*Petitioner*,

v.

10-109-ag
NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

———————————————————————————————————

FOR PETITIONER:      Elyssa N. Williams, New Haven, Connecticut.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Lance L. Jolley, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Reynald Toutou Lespinasse, a native and citizen of Haiti, seeks review of a December 18, 2009, BIA order affirming the February 1, 2008, decision of immigration judge ("IJ") Michael W. Straus pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Reynald Toutou Lespinasse*, No. A079 474 502 (B.I.A. Dec. 18, 2009), *aff'g* No. A079 474 502 (Immig. Ct. Hartford, Conn. Feb. 1, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the IJ's and the BIA's decision. *See Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). We review the BIA's factual findings for substantial evidence, treating those findings as conclusive unless a reasonable adjudicator would be compelled to conclude to the contrary, and review questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *see also*

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As a preliminary matter, Lespinasse failed to exhaust any challenge to the IJ's pretermission of his asylum application by not raising that issue before the BIA. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). Lespinasse also does not raise the issue in his brief to this Court. As a result, Lespinasse's asylum claim is precluded from review.

In any event, the BIA did not err in determining that Lespinasse failed to establish that the harm he suffered was on account of a protected ground. 8 U.S.C. § 1101(a)(42). Lespinasse first argues that he demonstrated that Lavalas gang members attacked him due to the political opinion they imputed to him from Mr. Bazile, the chief of police and head of the anti-gang unit for whom Lespinasse worked as an informant. Substantial evidence, however, supports the agency's determination that petitioner was targeted for helping the police arrest criminals rather than for an imputed political opinion. Lespinasse testified that he was paid to provide information regarding gang-related crimes and that the gang knew he worked with the police. Although Lespinasse testified that gang members wished to wait until

3

President Aristide came into power before inflicting further harm on him, indicating that they would be less fearful of prosecution at that time, a persecutor must be motivated by his perception of the *applicant's* political opinion, rather than merely by his *own* opinion. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992); *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).[1]

The agency also properly concluded that Lespinasse's police informant status did not establish membership in a particular social group because "a person who agrees to work as a government informant in return for compensation takes a calculated risk and is not in a position to claim refugee status should such risks materialize." *In re C-A-*, 23 I. & N. Dec. 951, 958 (B.I.A. 2006). Furthermore, Lespinasse failed to demonstrate that he was not merely singled out

---

[1] Petitioner's reliance on *Castro v. Holder*, 597 F.3d 93 (2d Cir. 2010), is misplaced. There, we concluded that violence directed at a policeman who reported government corruption to a human rights organization could have been on account of his political opinion because, considering the context and evidence of widespread official corruption, his report went beyond normal police work and was likely perceived as opposition to the government. *Id* at 102-05. In contrast, substantial evidence in this case supported the agency's determination that the gang retaliated against Lespinasse for his normal work as an informant, and not for any perceived political opposition to the Levalas party.

4

"because of his role in disrupting particular criminal activity." *Koudriachova v. Gonzales*, 490 F.3d 255, 261-62 (2d Cir. 2007); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (noting that harm attributable to ordinary criminal incentives militates against finding particular social group).

Moreover, even if petitioner had established past persecution, we would identify no error in the IJ's conclusion that the government rebutted the presumption of future persecution. Contrary to Lespinasse's assertion, the IJ correctly placed the burden on the government to demonstrate by a preponderance of evidence that petitioner no longer has a reasonable fear of future persecution because of changed country conditions. *See In re Reynald Toutou Lespinasse*, No. A079 474 502 (Immig. Ct. Hartford, Conn. Feb. 1, 2008), at 9; *see also Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009). Applying this standard, substantial evidence supports the IJ's finding of changed circumstances when the 2006 U.S. State Department Report in evidence stated that President Aristide resigned and left Haiti in 2004, a new government was elected in 2006, and that while criminal gangs remain prevalent, the

5

government's ability to prevent gang violence was improved. Accordingly, we deny the petition for review of the agency's denial of the asylum and withholding of removal claims.

Finally, the BIA did not err in concluding that Lespinasse failed to establish a likelihood that he would be tortured by or with the consent or acquiescence of the Haitian government. *See* 8 C.F.R. §§ 208.18(a)(1), 1208.18(a)(1); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 168-71 (2d Cir. 2004) ("[I]n terms of state action, torture requires only that government officials know of or remain willfully blind to an act and thereafter breach the legal responsibility to prevent it."). As the BIA noted, the 2006 State Department Report indicated that the Haitian government "is trying to suppress gang-related violence and violence by militant political groups." 2006 U.S. Dep't of State Country Report on Human Rights Practices at 1; *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that weight afforded to applicant's evidence lies largely within discretion of agency); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir. 2008) ("We do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the

6

agency.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk